Filed 1/7/14  P. v. Johnson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B244941 |
| Plaintiff and Respondent, | (Super. Ct. No. BA397476) |
| | (Los Angeles County) |
| v. | |
| MATTIE JOHNSON, | |
| Defendant and Appellant. | |

Mattie Johnson appeals from the judgment following her conviction by jury of possession for sale of cocaine base (Health & Saf. Code, § 11351.5) and sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)).  Appellant admitted allegations that she had one prior serious or violent felony strike and served six prior prison terms.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)[1]  The trial court sentenced her to 10 years in prison.

Appellant contends the court erred by admitting evidence concerning her employment and housing status, and by failing to order the disclosure of personnel records of the officer who searched her.  The trial court ordered the disclosure of other officers' files.  (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).)  She also requests we independently review the trial court's in camera proceedings of other records;

---

[1] After the jury returned its verdicts, the court dismissed four of the section 667.5, subdivision (b) prior prison term enhancements.

we have done so.  There is no error in the proceedings.  We reject her evidentiary claim but conclude the court erred by failing to examine records of the searching officer.  We conditionally reverse and remand to the trial court with directions to conduct an in camera review of such records.  If the court finds a matter that should be disclosed, it shall disclose it, and grant a new trial, if appellant can show prejudice.  Otherwise, the court shall reinstate the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Case*

Los Angeles Police Department (LAPD) Officer Humberto Moreno and his partner, Officer Eduardo Ojeda, were assigned to a task force in skid row.  Skid row includes the area surrounding 6th and Gladys Streets where homeless people and others regularly gather to use, buy and sell drugs.

On May 7, 2012, at 9:30 p.m. Moreno, a narcotics officer, stood on a rooftop, looking through binoculars, toward 6th and Gladys Streets.  He saw appellant under a street light on Gladys Street, sitting on a milk crate.  Cornell Chicquelo sat nearby, and talked with her, while he looked up and down the street, as if watching for police officers.  Appellant pulled a small bindle from the left breast area of her shirt.  She placed the bindle on a folding chair that faced her, made a "cutting motion," and returned something to her front right jacket pocket.  Clarence Conway approached appellant and gave her paper currency.  Appellant took something from her right front jacket pocket and gave it to Conway.  He walked away, put something in a glass pipe, lit it, and started smoking.

Moreno, Ojeda and other officers detained appellant, Conway, and Chicquelo.  They recovered a glass pipe from Conway, and found a razor blade and makeup compact on the folding chair that had faced appellant.  The surfaces of the pipe, the compact and the razor blade bore an off-while solid substance resembling cocaine base.  Ojeda located a mesh backpack between appellant and the folding chair.  The backpack contained three cell phones and $116 in cash ($20, $10, $5 and $1 bills).  Officer Samantha Townsend searched appellant and felt a hard object in her left bra cup.

2

Appellant made an unsuccessful attempt to struggle away. Townsend recovered a black plastic bindle containing 25 off-white solid pieces, of varying sizes, that resembled cocaine base. Similarly sized pieces of cocaine base would cost $10 or $20 each. The bindle's contents weighed 3.49 grams and tested positive for cocaine base.

Moreno testified that dealers can sell cocaine base more quickly by cutting it into small portions of various sizes and carrying small denominations of money to easily make change. He testified that 3.49 grams of cocaine base exceeds the expected amount for personal use, and that drug dealers often carry several phones to communicate with suppliers and lookouts. Moreno opined that appellant was selling cocaine base to Conway. He cited several factors that led to his opinion, including his expertise as a narcotics officer, his observations of appellant's conduct in an area with high narcotics activity, as well as the amount and nature of the money, cocaine, and other items recovered upon her arrest.

*Defense Case*

Appellant testified and denied she sold cocaine to Conway on May 7, 2012. Conway gave her $1 in exchange for a cigarette. She was only using cocaine. She denied carrying $116, or several $10, $5 and $1 bills. She said she had about $221, including $220 from her roommate, who gave her no bills smaller than $20. She denied using or possessing a razor blade or makeup compact. She also testified she could not sell cocaine because she was an addict.

Chicquelo testified he was getting high with appellant on May 7. He saw her give Conway a cigarette, but did not see him pay appellant.

DISCUSSION

*The Trial Court Did Not Erroneously Admit Evidence of Appellant's*

*Employment and Housing Status*

We reject appellant's claim that the trial court erred by admitting evidence concerning her employment and housing status which improperly suggested that poverty and homelessness motivated her to sell cocaine. This claim concerns brief answers to a few questions the prosecutor asked Moreno. Moreno testified he believed appellant was

3

not employed, and did not know where she lived. However, the jury learned of appellant's poverty for the first time in *appellant's* opening statement, when counsel said the jury would "hear . . . that she had money on her, but her money was from her general relief check." The prosecutor's opening statement did not mention appellant's poverty, employment, her residence or her presence in skid row. Consistent with her opening statement, appellant testified she was receiving "G.R." and food stamps. She also testified that she had been homeless.

We conclude appellant invited the claimed evidentiary error concerning her employment, housing, or financial status. (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1138-1139 [invited error doctrine precluded appellate claim that trial court erroneously allowed prosecution to impeach defendant with prior assault conviction after the defense presented evidence of defendant's prior imprisonment for assaulting an officer].) Furthermore, the challenged evidence was not prejudicial. It was brief, the prosecutor did not rely upon it in arguing to the jury, and ample other evidence established appellant's guilt. (*People v. Clark* (2011) 52 Cal.4th 856, 929-930.)

*Pitchess*

Appellant argues the trial court abused its discretion by failing to disclose Townsends's personnel records with allegations of false reporting and other dishonest conduct. (*Pitchess, supra*, 11 Cal.3d 531.) We agree.

We review the trial court's denial of a *Pitchess* motion for abuse of discretion. (*People v. Galan (*2009) 178 Cal.App.4th 6, 12.) Discovery of peace officers' civilian complaints or personnel records requires a motion supported by affidavit (declaration) showing good cause, including materiality to the proceeding for which disclosure is sought. (Evid. Code, § 1043, subd. (b).) "This good cause showing is a 'relatively low threshold for discovery.'" (*Garcia v. Superior Court* (2007) 42 Cal.4th 63, 70.) If it is satisfied, the superior court reviews the requested materials for relevancy and consequent disclosure. (*Id*. at pp. 70-71; Evid. Code, § 1045.)

To establish materiality, the supporting declaration must first propose a defense to the charges, and explain how the discovery would support it. Counsel also

4

must describe a factual scenario of officer misconduct, which may consist of a denial of the facts stated by the arrest report. The defense scenario must be plausible, in light of the other documentation. A plausible scenario is one that might or could have occurred. It must be internally consistent and support the proposed defense. The defendant must show that the information sought could lead to, or constitute, evidence potentially admissible at trial. (*Garcia v. Superior Court, supra*, 42 Cal.4th at pp. 70-71; *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1024-1026.)

Appellant's *Pitchess* motion incorporated Moreno's arrest report as an exhibit. It stated that "[Moreno] advised Officer Townsend to search [appellant's] left breast cup. Officer Townsend pa[tt]ed down the left breast. . . . [¶] . . . Officer Townsend then recovered a black plastic bindle containing 25 off-white solids resembling cocaine base from [appellant's] left breast cup." "Officer Townsend recognized it as cocaine base." In her supporting declaration, counsel stated appellant denied selling the cocaine, or possessing it for sale, and that the arrest report falsely stated the bindle recovered by Townsend contained 25 small cocaine solids, rather than 3 solids. She declared that officer credibility was critical to the prosecution case, which was based entirely on the officers' observations. Counsel planned to defend appellant by showing that Townsend and other specified officers had a pattern and practice of fabricating arrest reports.

In response to the *Pitchess* motion, LAPD's counsel argued there was no good cause to disclose records of any officers except those who "observed [appellant] selling drugs." The trial court indicated its agreement with that argument, and gave appellant's counsel time to respond. She submitted the issue, and the court ordered LAPD to disclose Ojeda's and Moreno's records with allegations of perjury, false statements, and false reporting.

The court erred by failing to examine Townsend's records. Appellant met the "relatively low" or "relatively relaxed" good cause showing for their discovery. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 83-84; *Garcia v. Superior Court, supra*, 42 Cal.4th at p. 70.) It is true Townsend did not observe appellant accepting money from Conway in exchange for anything. Nevertheless, the arrest report

5

establishes she recovered the bindle from appellant and "recognized [its contents] as cocaine base."

"[T]he proper remedy when a trial court has erroneously rejected a showing of good cause for *Pitchess* discovery and has not reviewed the requested records in camera is not outright reversal, but a conditional reversal with directions to review the requested documents in chambers on remand."  (*People v. Gaines* (2009) 46 Cal.4th 172, 180.)  Therefore, we conditionally reverse and remand for an in camera hearing.

At appellant's request, we independently reviewed Ojeda's and Moreno's records.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229.)  We find no error in the court's denial of disclosure.

## DISPOSITION

We conditionally reverse the judgment and remand for the trial court to conduct an in camera review of Townsend's personnel records with allegations of perjury, false statements, and false reporting.  If the trial court finds any records that should have been disclosed, it shall disclose them, and grant appellant a new trial if she can show prejudice.  Otherwise, the court shall reinstate the judgment.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


6

Kathleen Kennedy, Judge

Superior Court County of Los Angeles

_____


Carol S. Boyk, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Julie A. Harris, Deputy Attorney General, for Respondent.